IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



FELICIA FREDRICKSON, n/k/a )
FELICIA REMBLAKE, )
 )
      Plaintiff, )
 )
vs. ) No. 05 C 843
 )
COOK COUNTY SHERIFF'S DEPUTY )
CARL K. MERCHERSON, COOK )
COUNTY SHERIFF'S DEPUTY )
FITZPATRICK D. ALLEN, each officer )
individually and as agents and/or )
employees of the Cook County Sheriff's )
Office, and SHERIFF OF COOK )
COUNTY MICHAEL F. SHEAHAN, )
and the COOK COUNTY SHERIFF'S )
OFFICE, )
 )
      Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff alleges that Cook County sheriff's deputy Mercherson sexually abused her, leading to civil rights claims against him in Counts I and II, and state law claims in Counts III, IV and V. In Count VI, denominated "Negligence," she alleges that deputy Allen was negligent in certain respects. In Count VII, denominated "Respondeat Superior," she alleges the vicarious liability of the sheriff. Defendants Allen and the sheriff now move to dismiss Counts VI and VII. That motion is granted.

Negligence is insufficient to support a section 1983 claim and the sheriff cannot be held vicariously liable in *respondeat superior* for alleged section 1983 violations. Plaintiff does not directly dispute either. Rather, she argues that a law enforcement officer who fails to intervene to prevent a constitutional violation can be liable and that the sheriff can be liable if the violation results from a policy or custom. She is right in both instances. But that is not what she alleges, and it is somewhat difficult to see how she could allege either. She alleges

that the sexual abuse took place out of the presence of Allen and, further, that the abuse was without authority (nor does she indicate what policy or custom sanctioned the abuse).

The sheriff may be vicariously liable for violations of state law by a deputy, but we do not read Count VII as so claiming. Defendants suggest that the sheriff cannot be liable in any event because Mercherson was acting outside the scope of employment – but that is not the thrust of their motion. And it leaves unresolved another issue: local government ordinarily has an obligation to indemnify a law enforcement officer for any compensatory award, but not if he was acting solely for his private interests, not within the scope of his employment. There appears to be no dispute that plaintiff can proceed against Mercherson pursuant to section 1983, as he purported to act under color of law – he was in uniform and transporting plaintiff. But whether or not plaintiff can collect any judgment from the government will be, we expect, an issue for future resolution.

                                                                    JAMES B. MORAN  
                                                              Senior Judge, U. S. District Court

Nov. 22, 2005.