

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FELICIA FREDRICKSON, n/k/a FELICIA REMBLAKE, Plaintiff, vs. COOK COUNTY SHERIFF'S DEPUTY CARL K. MERCHERSON, et al., Defendants. | No. 05 C 843 |

### MEMORANDUM OPINION AND ORDER

Plaintiff Felicia Fredrickson, now known as Felicia Remblake, brought this action against defendants alleging violations of her civil rights after defendant Carl Mercherson, a deputy with the Cook County sheriff's office, allegedly sexually assaulted her while she was in the custody of the sheriff's office. Defendants Fitzpatrick Allen, the Cook County sheriff's office, and Michael Sheahan, previously moved to dismiss counts VI and VII of plaintiff's first amended complaint, and that motion was granted. Plaintiff now moves to reconsider that dismissal. For the following reasons, the motion to reconsider is denied, but leave to amend is granted.

A motion to reconsider is proper to correct manifest errors of law or fact, or to present newly-discovered evidence. Cosgrove v. Bartolotta, 150 F.3d 729, 732 (7th Cir. 1998). Reconsideration is not available for arguments that have already been raised and rejected, or for arguments that could have been previously offered. Caisse Nationale de Credit Agricole v. CBI Indus., 90 F.3d 1264, 1270 (7th Cir. 1996); LB Credit Corp. v. Resolution Trust Corp., 49 F.3d 1263, 1267 (7th Cir. 1995). See also Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990) (reconsideration is proper when the court patently misunderstands a party, makes a decision outside the scope of the adversarial issues presented, makes

an error of apprehension, not of reasoning, or when there is a significant or controlling change in law or facts).

In her motion, plaintiff primarily focuses on the proper standard of review for a motion to dismiss and asserts that section 1983 claims are not subject to a heightened pleading standard. In doing so, she reiterates, often verbatim, her response to defendants' motion to dismiss. Plaintiff thus appears to contend that the court erred by adopting the incorrect pleading standard. However, the order did not state, or imply, that plaintiff's complaint was short on factual allegations. We never espoused defendants' argument that the "boilerplate allegations are nowhere near sufficient to state an official capacity claim" (def. mem. at 8), or heeded the call for additional operative facts. Rather, we noted that count VII, the municipal liability count, failed because it sought liability on a *respondeat superior* theory, and because plaintiff expressly alleged that Mercherson acted "without authority" (plf. first amend. cplt. ¶21).

For a municipality to be liable for the conduct of an employee it is usually the case that the employee acts pursuant to a municipal policy or custom, or that the employee has final policymaking authority. Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978). The allegation that Mercherson acted without authority when he allegedly sexually assaulted and battered plaintiff contradicts paragraph 55, in which plaintiff asserts that her injuries resulted from a policy, custom, or act of a decisionmaker with policymaking authority. Plaintiff specifically incorporates her "without authority" allegation in count VII by reaffirming paragraphs 1 through 48.

Of course, if a municipality's failure to train or supervise amounts to deliberate indifference to the rights of others, the municipality may be liable for its employees' unlawful conduct. City of Canton v. Harris, 489 U.S. 378 (1989). Plaintiff thus correctly identifies

failure-to-train and -supervise theories in her motion for reconsideration, but her contention that her complaint presents these theories is incorrect. *See* Hampton v. City of Chicago, 349 F. Supp. 2d 1075, 1081 (N.D. Ill. 2004) ("Plaintiff may not amend his complaint with his memorandum in opposition to the motion to dismiss"). Instead, plaintiff attempts to establish municipal liability on a vicarious liability theory, which she cannot do. *See* Monell, *supra*; Palmer v. Marion Co., 327 F.3d 588, 594 (7th Cir. 2003).

Plaintiff's failure-to-investigate allegations (plf. first amend. cplt. ¶ 54) are limited to the failure of the sheriff's office to investigate and test Mercherson for any dangerous propensities. Even though paragraph 54(c) speaks to a widespread failure to assign a sufficient number of deputies to monitor each other while on duty, paragraph 54 only asserts that this failure establishes vicarious liability. Plaintiff's complaint thus lacks any allegation supporting municipal liability that is distinct from her vicarious liability theory. Plaintiff finds support in Hampton v. Chicago, 1997 WL 790590, *2 (N.D. Ill. 1997), but there the plaintiff did not bind his allegations to a *respondeat superior* theory. Further, in light of the "without authority" allegation, plaintiff would have to contradict herself in order to prevail on the merits. *See* Kolupa v. Roselle Park District, 2006 WL 306955, *2 (7th Cir. 2006). We reiterate that plaintiff's claim is not insufficient because it lacks any factual allegations; nor does count VII fail merely because it is mislabeled "*Respondeat Superior*." Rather, plaintiff's vicarious liability theory so vitiates the allegations that we would have to ignore the substance of the claim in order to hold it sufficient to survive a motion to dismiss.

With respect to count VI, plaintiff does not take issue with our conclusion that negligence is insufficient to support a section 1983 claim, or the fact that Allen was not present when plaintiff was sexually assaulted. We assume that plaintiff contends that a heightened pleading standard was improperly imposed, and we reemphasize that such was not the case.

Plaintiff has invoked jurisdiction only under sections 1343 and 1331, and thus the negligence claim was properly dismissed.

We do, however, grant plaintiff leave to amend her complaint to cure its deficiencies.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to reconsider is denied, with leave to amend within 21 days.

_____
JAMES B. MORAN
Senior Judge, U. S. District Court

March 15, 2006.