IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FELICIA FREDRICKSON, n/k/a FELICIA REMBLAKE, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 05 C 843 ) |
| COOK COUNTY SHERIFF'S DEPUTY CARL K. MERCHERSON, individually and as agent and/or employee of the Cook County Sheriff's Office, and SHERIFF OF COOK COUNTY MICHAEL F. SHEAHAN, and the COOK COUNTY SHERIFF'S OFFICE, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Felicia Fredrickson, now known as Felicia Remblake, filed an amended complaint with this court alleging, *inter alia*, in Count VIII, that the Cook County Sheriff's Office and Michael Sheahan, in his personal and official capacity, are liable under 42 U.S.C. § 1983 for failing to train and supervise deputy sheriffs, including defendant Carl Mercherson, who allegedly sexually assaulted plaintiff while she was in the custody of the sheriff's office. Defendants Michael Sheahan and the Cook County Sheriff's Office have filed a motion to dismiss Count VIII under Rule 12(b)(6), alleging that plaintiff has failed to state a claim upon which relief can be granted. For the following reasons, that motion is granted and Count VIII is dismissed without prejudice.

## BACKGROUND

Plaintiff instituted this action against defendants under 42 U.S.C. § 1983, arising from

an alleged incident while plaintiff was in the custody of the Cook County Sheriff's Office. Plaintiff alleges that while on furlough from the Cook County Jail, and while being transported from the jail to her grandmother's house by defendant Mercherson and another officer (not a party to this lawsuit), she was sexually assaulted by Mercherson.

Plaintiff's original and first amended complaints allege that Mercherson acted "without authority, but under the color of state law"( plf. cplt. ¶ 20; plf. 1st am. cplt. ¶21), and reallege this statement in a later count, charging defendants Sheahan and the sheriff's office with negligence under a theory of *respondeat superior* (plf. 1st am.cplt. ¶49). That count was later dismissed by this court; a municipality cannot be found liable under § 1983 on a theory of *respondeat superior*.

Plaintiff then amended her complaint a second time, removing the "without authority" language (plf. 2nd am. cplt. ¶20), and repleading the theory of her case, premising liability on defendants', Sheahan and the sheriff's office, failure to train and supervise its deputy sheriffs (plf. 2nd am.cplt. ¶¶ 52-54). The second amended complaint is the subject of this motion to dismiss.

## DISCUSSION

On a motion to dismiss, the court "accept[s] as true all the plaintiff's well-pleaded factual allegations, as well as all inferences reasonably drawn from them." Pickrel v. City of Springfield, 45 F.3d 1115, 1117 (7th Cir. 1995). In addition, ambiguities are construed in favor of the plaintiff. Perry v. Sheahan, 222 F.3d 309, 312 (7th Cir. 2000); Curtis v. Bembenek, 48 F.3d 281 (7th Cir. 1995). While the plaintiff "need not plead facts or legal theories," (Nance v. Vieregge, 147 F.3d 589, 590 (7th Cir. 1998)), and "specifying an incorrect theory is not fatal," (Bartholet v. Reishauer, 953 F.2d 1073, 1078 (1992)), the court need not "strain to find

inferences favorable to the plaintiff which are not apparent on the face of the complaint." Coates v. Illinois State Bd. Of Ed., 559 F2d 445, 447 (7th Cir. 1977).

In addition, "[t]he Supreme Court has made it very clear that federal courts must not apply a heightened pleading standard in civil rights cases alleging § 1983 municipal liability." McCormick v. City of Chicago, 230 F.3d 319, 324 (2000). Plaintiff need not "allege all, or any of the facts logically entailed by the claim," American Nurses' Assoc. v. Illinois, 783 F.2d 716, 727 (7th Cir. 1986), and "a complaint does not fail to state a claim merely because it does not set forth a complete and convincing picture of the alleged wrongdoing." Id. However, "where a plaintiff alleges facts that establish that a defendant is entitled to prevail on a motion to dismiss, the court may find that the plaintiff has plead himself out of court." McCormick, 230 F.3d at 326.

### "Without authority" Language

Defendants first take issue with plaintiff's removal of the "without authority" language from the original complaint. They claim that this court's dismissal of the earlier counts in the complaint, based partially on the "without authority" language, was premised on the notion that the "without authority" language "refuted [plaintiff's] allegation that a municipal policy, custom, or practice caused her injury" (def. mem. at 5). Therefore, they claim that to remove that language in order to survive a motion to dismiss, amounts to a contradiction of facts in the complaint.

Defendants do not correctly read the court's order. We did not hold that such language refuted the possibility of a municipal policy causing plaintiff's injury, but that her allegations that defendant Mercherson acted "without authority," contradicted her pleading a theory of vicarious liability based on negligence. Fredrickson v. Mercherson, 2006 WL 695656 (N.D. Ill.

2006). Defendants ignore the court's statement that "if a municipality's failure to train or supervise amounts to deliberate indifference to the rights of others, the municipality may be liable for its employees' unlawful conduct." In her amended complaint, plaintiff has alleged a failure to train and supervise, rather than a theory of *respondeat superior* (plf. 2nd am. cplt. ¶¶52-54). Under a theory of *respondeat superior*, defendants could not be responsible for actions taken by subordinates that were "without authority." Under a theory of failure to train and supervise, the municipality may indeed be liable for conduct of defendant Mercherson, done without authority. Canton v. Harris, 489 U.S. 378 (1989). Therefore, whether such language appears or does not appear on the face of the amended complaint is irrelevant.

Plaintiff has alleged that defendants Sheahan and the sheriff's office are liable for the alleged sexual assault on plaintiff by defendant Mercherson, misconduct which is clearly not related to legitimate employee duties.[1] A majority of the circuits have addressed this issue, holding that, generally, a municipality cannot be liable for failing to train subordinates to avoid conduct "where the proper response...is obvious to all without training or supervision." Walker v. New York, 974 F.2d 293 (2nd Cir. 1992); Hayden v. Grayson, 134 F.3d 449 (1st Cir. 1998); Hernandez v. Borough of Palisades Park Police Dept., 58 Fed. Appx. 909 (3rd Cir. 2003); Andrews v. Folwer, 98 F.3d 1069 (8th Cir. 1996); Barney v. Pulsipher, 143 F.3d 1299 (10th Cir. 1998); Sewell v. Town of Lake Hamilton, 117 F.3d 488 (11th Cir. 1997). Sexual assault is such conduct. *See e.g.* Kitzman-Kelley ex. rel. Kitzman-Kelley v. Warner, 203 F.3d 454 (7th Cir. 2000); Drake v. City of Haltom City, 106 Fed. Appx. 897 (5th Cir. 2004).

The Second Circuit, in Walker, laid out a three-part test to determine whether a

---

[1] While defendants have not raised this specific issue in their motion to dismiss, based on the nature of plaintiff's allegations, we feel it appropriate to address this issue at this time.

municipality's failure to train amounts to deliberate indifference. Walker, 974 F.2d at 459. The Seventh Circuit, in Kitzman-Kelley, adopted this test (203 F.3d at 459). To support a claim under a failure to train, plaintiff must show "(1) that a policymaker know to a moral certainty that employees will confront a given situation; (2) that the situation either presents the employee with a difficult choice of the sort that training or supervision will make less difficult or that there is a history of employees mishandling the situation; and (3) that the wrong choice by the employee will frequently cause the deprivation of a citizen's constitutional rights." Id. (internal quotations omitted).

In Kitzman-Kelley, the plaintiff alleges that the Department of Child and Family Services was liable for the sexual assault committed on the plaintiff by an employee (id. at 456). The court held that under the three-part test, "the difficult issue [was] posed by the second prong of this approach" (id. at 459). To satisfy the second prong, the plaintiff needed to show that there was "a history of child welfare employees molesting the children in their care; or that someone inclined to commit child abuse could be deterred through proper training" (id.). The court, prior to Kitzman-Kelley, dismissed a complaint similar to the current action, where the plaintiff alleged that the Chicago Housing Authority was liable for failing to train and supervise its security officers in order to prevent them from sexually assaulting residents and visitors. Johnson v. CHA Sec. Officers, 1998 WL 474138 (N.D. Ill. 1998). Because there was no Seventh Circuit precedent on the issue at the time, we followed the decisions of our sister circuits in holding that "a municipal entity cannot be liable under § 1983 for the failure to train its employees not to engage in actions which are so repugnant to the common standards of human decency that common sense should serve as a sufficient deterrent" (id. at *6).

However, the court in Walker held that "[t]he general rule...does not apply in every case.

While it is reasonable for city policymakers to assume their employees possess common sense, "where there is a history of conduct rendering this assumption untenable, city policymakers may display deliberate indifference by doing so." Walker, 974 F.3d at 300. The Seventh Circuit, in Kitzman-Kelley, followed this reasoning when it allowed plaintiff to make either a showing of a pattern of sexual abuse or a showing of how training and supervision could have prevented such abuse (203 F.3d at 459).

Therefore, after the Seventh Circuit's decision in Kitzman-Kelley, coupled with the liberal pleading standards set forth in McCormick, we believe that plaintiff should have an opportunity to "pursue discovery in order to determine whether there was a pattern of [sexual assault]… or a pattern of [official] misconduct sufficient to require the [sheriff's office] to train and supervise [deputy sheriffs] to assure they do not" sexually assault prisoners. Walker, 974 F.2d at 300; *see also* Drake v. City of Haltom City, 106 Fed. Appx. 897 (5th Cir. 2004) (reinstating a complaint after the district court dismissed it under 12(b)(6)) ("We are unwilling to say, at this point, that it is not obvious that male jailers who receive no training and who are left virtually unsupervised might abuse female detainees."); Carter v. City of Philadelphia, 181 F.3d 339 (3rd Cir. 1999) ("The District Court's insistence that Carter must identify a particular policy and attribute it to a policymaker, at the pleading stage without benefit of discovery, is unduly harsh."); Adams v. City of Balcone Heights, 2004 U.S. Dist. LEXIS 17110 (W.D. Tx. 2004) ("At the motion to dismiss stage…it is not appropriate to dismiss a case for failure to state a claim when evidence might be adduced showing that a police officer has received no training in offenders' rights, staff/detainee relations, or sexual harassment").

Although plaintiff has not specifically alleged a pattern of misconduct in the sheriff's office, nor what type of training would be sufficient to deter such conduct, neither had the

plaintiff in <u>Walker</u> pled a pattern of perjury (<u>Walker</u>, 974 F.2d at 300). Yet, the court there held that "it does not appear beyond doubt that Walker cannot prove this set of facts in support of his claim which would entitle him to relief" (<u>id.</u> at 300). We believe the same could be said here.

## Deliberate Indifference

Defendants also claim that plaintiff has failed to state a claim upon which relief can be granted because she has failed to allege that defendants' conduct amounted to deliberate indifference. Instead, plaintiff has alleged that defendants' conduct in failing to train and supervise the deputy sheriffs amounted to "gross negligence" (plf. 2nd am.cplt. ¶¶ 52-54).

In <u>Canton v. Harris</u>, 489 U.S. 378, 388 (1989). the Court held that "the inadequacy of police training may serve as a basis for 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." Defendants are correct that "[g]ross negligence is below the standard needed to impose constitutional liability." <u>Johnson v. Snyder</u>, 444 F.3d 579, 585 (7th Cir. 2006); <u>Jones v. Chicago</u>, 856 F.2d 985 (7th Cir. 1988).

While plaintiff need not set forth facts or even legal theories in forming a valid complaint, "the complaint must, however, state either direct or inferential allegations concerning all material elements necessary to recover under the chosen legal theory." <u>Young v. Sheahan</u>, 2000 WL 288516 at *1 (N.D. Ill. 2000). Plaintiff has chosen to proceed under a theory of failure to train and supervise, and therefore must either allege the material element of deliberate indifference, or allege sufficient facts allowing the court to infer deliberate indifference.

Plaintiff alleges that she has provided sufficient facts for this court to infer deliberate

indifference on the part of Defendants Sheahan and the sheriff's office, and in support has cited Swafford v. Mandrell, 969 F.2d 547 (7th Cir. 1992). In Swafford, the plaintiff, who was charged with a sex crime, had been placed in a general holding cell with ten other inmates *(id.* at 548). The plaintiff was attacked and sexually assaulted with a broomstick that was left in the cell *(id).* Even though he screamed and cried out, neither the sheriff nor any of the deputies came to check on him until the following morning *(id).* The plaintiff alleged "gross negligence" against the sheriff for placing him in a holding cell with other inmates, knowing that his safety would be in danger because of the nature of the charges against him *(id.,* at 548-49). The court, however, found that the facts alleged by the plaintiff, specifically, that the sheriff "had to know" that his actions put the plaintiff in danger and that his failure to inspect the cell for eight hours, in violation of jail policy, constituted "abuse," were sufficient to infer deliberate indifference on the part of the sheriff, who was present at the time of the incident *(id.* at 549-50).

Here, plaintiff attempts to analogize Swafford, but misses a crucial point. The sheriff in Swafford was alleged to have been personally involved in the misconduct, and the facts alleged by the plaintiff went directly to the sheriff's personal involvement, allowing the court to infer deliberate indifference *(id.* at 548-50) (noting that the situation described by the plaintiff was one where "prison officials themselves actively and knowingly (or recklessly) place a detainee in a particular situation that is dangerous..."). By contrast, in this case, plaintiff's alleged facts relate solely to the incident with defendant Mercherson – defendant Sheahan is not alleged to have been present when this incident occurred. Since "a municipality can be found liable under § 1983 only where the municipality *itself* causes the constitutional violation," (City of Canton v. Harris, 489 U.S. 378, 385 (1989) (citing Monell v. N.Y. City Dept. of Soc. Services, 436 U.S. 658, 694-95 (1978))), in order to survive a motion to dismiss where plaintiff

has not specifically alleged deliberate indifference on the part of defendant Sheahan, plaintiff must allege facts connecting defendant Sheahan to the alleged incident of misconduct. This plaintiff has failed to do. She has merely alleged that there was a failure to train and supervise, and that the those failures amounted to gross negligence. Based on these allegations, and with no additional facts, we cannot infer deliberate indifference.

Lest we be misunderstood, we reiterate that we are not holding that plaintiff must plead facts in her complaint in order to survive a motion to dismiss. What plaintiff must do is make allegations that state a claim entitling her to relief. This means that plaintiff *either* must plead facts which allow this court to infer deliberate indifference on the part of defendant Sheahan and the sheriff's office, *or* must specifically allege deliberate indifference. *See e.g.*, Nance v. Vieregge, 147 F.3d 589 (7th Cir. 1998) (holding a pleading of intentional conduct was sufficient where the facts were more consistent with negligence); Fernandez v. Valsco, 2002 U.S. Dist. LEXIS 5234 (N.D. Ill. 2002) (holding that while the plaintiff alleged gross negligence, the court could infer deliberate indifference through specific facts in the complaint showing that the defendants actually knew of risks to the plaintiff's safety); Gonzalez v. City of Chicago, 888 F.Supp. 887 (N.D. Ill. 1995) (holding that earlier allegation of deliberate indifference extended to paragraph alleging only gross negligence).

Plaintiff also claims in her reply brief that she has alleged deliberate indifference in her complaint, when she attributes the failure to train and supervise to "either an express Cook County Sheriff's Office policy, widespread custom or deliberate act of a decision-maker with final policy making authority" (plf. 2nd am. cplt. ¶55). In her reply brief, plaintiff emphasizes the word "deliberate" and claims this is sufficient to state a claim of deliberate indifference. Plaintiff is mistaken. What she has alleged in the above phrase is the first step to alleging

municipal liability, namely the allegation of the direct involvement of the municipality in the misconduct. More specifically, plaintiff has alleged a policy of failing to train and supervise. *See* Canton, 489 U.S. at 389-90. For "failure to train and supervise" to amount to a policy, plaintiff must allege that this failure rose to the level of deliberate indifference. This is a separate allegation from the allegation made above, and therefore the word "deliberate" in the allegation above is not sufficient to infer deliberate indifference.

Because plaintiff has failed to either specifically allege deliberate indifference on the part of defendant Sheahan and the sheriff's office, or allege sufficient facts connecting them to the alleged misconduct so we could infer deliberate indifference, plaintiff has failed to state a claim upon which relief can be granted.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is granted without prejudice. Plaintiff is granted leave to amend within 21 days.

*James B. Moran*
JAMES B. MORAN
Senior Judge, U. S. District Court

___Oct. 31___, 2006.